1  MICHAEL G. KING (SBN 145477)
   THOMAS H. CASE (SBN 116660)
2  HENNELLY & GROSSFELD LLP
   4640 Admiralty Way, Suite 850
3  Marina del Rey, CA  90292
   Telephone: (310) 305-2100
4  Facsimile: (310) 305-2116
   mking@hgla.com
5  tcase@hgla.com

6  Attorneys for Plaintiff
   FirstFire Global Opportunities Fund, LLC
7

8                UNITED STATES DISTRICT COURT

9           FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10

11  FirstFire Global Opportunities Fund,      Case No.: **'19 CV 2496 LAB  RBB**
    LLC,
12                                            **PLAINTIFF FIRSTFIRE GLOBAL**
13               Plaintiff,                    **OPPORTUNITIES FUND, LLC'S**
                                               **COMPLAINT FOR:**
14  v.

15                                            1. Federal Securities Law (15 U.S.C.
16  Generation Next Franchise Brands,            § 78j(b); 17 C.F.R. § 240.10b.5;
    Inc.;                                        15 U.S.C. § 77a)
17  Nicholas Yates;                           2. California Securities Law (Cal.
18  Ryan Polk;                                   Corp. Code §§ 25110, 25402,
    Christopher Maudlin;                         25500)
19  Lavaille Lavette;                         3. Breaches of contracts;
20  Thomas McChesney;                         4. Breaches of implied covenant of
    Arthur Budman;                               good faith and fair dealing;
21  Anthony Mauriello;                        5. Unjust enrichment;
22  Tabitha Burke; and                        6. Breaches of fiduciary duty;
    Does 1 through 25, inclusive,             7. Fraud and deceit;
23                                            8. Negligent misrepresentation;
24               Defendants.                   9. California Business and
                                                 Professions Code, § 17200
25

26                                            **AND DEMAND FOR JURY TRIAL**

27

28

    {00344025 }                    1
                              COMPLAINT

1

## TABLE OF EXHIBITS

2

**Page(s)**

3  Exhibit A – Confidential Private Placement Memorandum ............................. 31-70

4  Exhibit B – Defendants' Spring Debt Schedule ............................................... 71- 72

5  Exhibit C – June 2019 Email Thread .............................................................. 73 - 82

6  Exhibit D – 6-D Company Debt ...................................................................... 83 - 84

7  Exhibit E – VEND Form 10-K filed October 16, 2019.................................. 85 - 89

8  Exhibit F – Demand Letter dated October 24, 2019....................................... 90 - 92

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# I. **INTRODUCTION**

1.     The Plaintiff, FirstFire Global Opportunities Fund, LLC, (hereinafter "FirstFire" or the "Fund"), respectfully submits its Complaint and Demand for Jury Trial (hereinafter the "Complaint") against the Defendants, Generation Next Franchise Brands, Inc., (hereinafter the "Company" or "VEND"), and Nicholas Yates (hereinafter "Yates"), Ryan Polk (hereinafter "Polk"), Christopher Maudlin (hereinafter "Maudlin"), Lavaille Lavette (hereinafter "Lavette"), Thomas McChesney (hereinafter "McChesney"), Arthur Budman (hereinafter "Budman"), Anthony Mauriello (hereinafter "Mauriello"), and Tabitha Burke (hereinafter "Burke") (collectively hereinafter the "Individual Defendants" and, with the Company, hereinafter as the "Defendants") in the above-captioned action.   The Plaintiff's allegations, as set out herein, are asserted for its general, compensatory and consequential damages and equitable relief arising from, and resulting from, the Defendants' violations of the following:

        a)    Section 10(b) of the Securities Exchange Act of 1934, *as amended* (hereinafter the "Exchange Act"), 15 U.S.C. §78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. §240.10b-5;

        b)    California Securities Law of 1968, *as amended*, CA Corporations Code, §§ 25110, 25500 & 25401;

        c)    breaches of contracts;

        d)    breaches of implied covenant of good faith and fair dealing;

        e)    unjust enrichment;

        f)    breaches of fiduciary duty;

        g)    fraud and deceit;

        h)    negligent misrepresentation; and/or

        i)    California Business and Professions Code, § 17200

2.     The Plaintiff further alleges that, as a result and as caused by the Defendants' securities fraud (federal and state), breaches, actions, omissions, policies,

1   practices, and/or courses of conduct, FirstFire has suffered irreparable harm, requiring

2   injunctive relief and specific performance, harm to its business and reputation in the

3   investment industry, damages from the Defendants' fraudulent, unfair and deceptive

4   anti-competitive acts, causing lost revenue, lost profits and prospective business,

5   together with its injuries and damages.

6   3.   The Plaintiff respectfully requests that its causes of action against the

7   Defendants proceed to a trial by jury, that a judgment be entered on all Counts against

8   the Defendants and that FirstFire be awarded its general, compensatory and

9   consequential damages and losses, costs, interest, plus multiple and/or punitive

10   damages, attorneys' fees, and grant, order and enter temporary, preliminary and

11   permanent injunctive and equitable relief, and grant, order and enter declaratory relief,

12   and any such other relief as this Honorable Court deems just and appropriate.

13   ## II. **PARTIES**

14   4.   The Plaintiff, FirstFire Global Opportunities Fund, LLC, is a limited

15   liability company, duly organized in the State of Delaware, with its principal place of

16   business located at 1040 First Avenue, Suite 190, New York, New York 10022.

17   5.   Upon information and belief, the Defendant, Generation Next Franchise

18   Brands, Inc., is a public corporation, duly organized in the State of Nevada, with a

19   principal place of business located at 2620 Financial Court, Suite 100, San Diego,

20   California 92117.

21   6.   Upon information and belief, the Defendant, Nicholas Yates, is, or was

22   during the relevant time, the Chairman of the Board of Directors, Founder, and Chief

23   Executive Officer (hereinafter "CEO") of the Company, and is a resident of the State

24   of California, with a principal place of business located at 2620 Financial Court, Suite

25   100, San Diego, California 92117.

26   7.   According to the Company's Private Placement Memorandum

27   (hereinafter the "Memorandum" or the "PPM") delivered to the Plaintiff in connection

28   with its securities investment, as attached, restated and incorporated by reference

hereto as **Exhibit A**:

> "Mr. Yates has been a founder and the Chairman of our company since its formation in March 2016 and has held the position of Chairman with GNFB since July 2013, focusing on developing company-owned businesses, international franchising, company financings and investor relations. Since September 2018, Mr. Yates has been Chief Executive Officer of GNFB. From February 2013 to October 2014, he was FHV's Vice President of Corporate Operations. From 2006 to 2010 Mr. Yates oversaw the operations of FHV Holdings Corp. ("FHV Holdings"), a California corporation incorporated in April 2006 in Solana Beach, California. Since July 2013,Mr. Yates has served as the Chairman of the Board of Directors of GNFB and has also been the Vice President of Operations for GNFB. On September 27, 2018, the board of directors of Generation Next Franchise Brands, Inc. (the "Company") appointed Nick Yates as Chief Executive Officer of the Company."

PPM (**Exhibit A**), at p.16.

8. Upon information and belief, the Defendant, Ryan Polk, is, or was during the relevant time, the Chief Operating Officer (hereinafter "COO") and Chief Financial Officer (hereinafter "CFO") of the Company, and is a resident of the State of California, with a principal place of business located at 2620 Financial Court, Suite 100, San Diego, California 92117.

9. According to the Company's Private Placement Memorandum delivered to the Plaintiff in connection with its securities investment:

> "Ryan Polk as the Chief Operating Officer and Chief Financial Officer of the Company. Mr. Polk has held President, CFO, and COO positions with founder and private equity owned consumer products companies with revenues above $150 million. Before joining the Company, Polk served as the CFO and COO of Cellpoint Corporation whose principal business was the reclamation and recycling of Apple and Samsung mobile device parts for the major US mobile network operators. The previous six years, he filled executive roles in the portfolio companies owned by LDI, a family office based in Indianapolis. LDI actively

managed investments in distribution, light manufacturing, and supply chain management. He led the mergers and acquisition team for LDI as well. Polk also served as the VP Corporate FP&A for Brightpoint, a publicly traded, Fortune 100 mobile device logistics company, based in Indianapolis prior to its sale to Ingram Micro. He has 18 consecutive years of experience working with international employees, customers, and suppliers. At Generation Next, Ryan will be responsible for managing the supply chain and internal operations while also guiding the strategic and financial management of the company. He is an alum of Ernst & Young."

*Id.* (**Exhibit A**), at pp.16-17.

10.     Upon information and belief, the Defendant, Christopher Maudlin, is, or was during the relevant time, the Independent Director and Chairman of the Audit Committee of the Company, and is a resident of the State of California, with a principal place of business located at 2620 Financial Court, Suite 100, San Diego, California 92117.

11.     According to the Company's Private Placement Memorandum delivered to the Plaintiff in connection with its securities investment:

"Chris will serve as the Chairman of the Company's audit committee. Chris Maudlin is currently Head of the Private Client Group at Artivest, a New York and California based Financial. Chris brings 14 years of experience in investment consulting to his current role. Chris has been with Artivest (formerly Altegris) for over 9 years. Prior to joining Altegris in 2009, Chris worked in investment advisory roles at several companies, including Merrill Lynch and Morgan Stanley. Chris received a BA in Communications from University of California, Davis, holds the designation of Chartered Alternative Investment Analyst (CAIA) and Series 7, 24, 31 and 66 licenses."

*Id.* (**Exhibit A**), at p.17.

12.     Upon information and belief, the Defendant, Lavaille Lavette, is, or was during the relevant time, the Independent Director of the Company, and is a resident of the State of California, with a principal place of business located at 2620 Financial

Court, Suite 100, San Diego, California 92117.

13.     According to the Company's Private Placement Memorandum delivered to the Plaintiff in connection with its securities investment:

> "With a Master's in Education, Lavaille Lavette has worked as an investment broker, schoolteacher, school district administrator, speechwriter, marketing executive and sales/merchandising leader. A best-selling author, marketing and educational expert, Lavaille served as the Special Advisor to the U.S. Secretary of Education, 2001 – 2005. Lavaille is a Founding Board Member and the first President of the Luanda Africa Sister City Association. She is involved in a number of international charitable ventures.
>
> Currently she heads up a branding/marketing consulting firm and multi-media packaging company. In addition to the branding and marketing of well-known personalities, the company develops and markets products in the airport, publishing, food, and the sports industry. Over the past 15 years Lavaille has used her merchandising and sales expertise to manage a number of airport food and retail concepts.
>
> Lavaille combined three of her passions (Time Management, Leadership Training and Charitable Causes) with the creation of the 86400 Seconds Movement, "Making a Difference, Being The Difference." There are 86,400 seconds in a day; the 86400 Seconds Movement is the instigator for a renewed life of intention and relevance. (86400 faith.com, 86400campus.com, 86400movement.com) Lavette is also the co-author of Yolanda Adams' Points of Power, and author of the best-selling children's book series, Steve Harvey presents "The Adventures of Roopster Roux." Lavette is co-founder of Every Child An Author. ECAA is on a mission to make every child in America a published author, one grade level at a time. (http://everychildanauthor .com) She teamed with Fox 26 network to spearhead Fox's on air 86400 Book Club For Kids. (http://86400bookclub.com) During her leisure time she is an active skateboarder, loves to cook and spend time with her family and friends."

*Id.* (**Exhibit A**), at p.17.

14.    Upon information and belief, the Defendant, Thomas McChesney, is, or was during the relevant time, a Director of the Company, and is a resident of the State of California, with a principal place of business located at 2620 Financial Court, Suite 100, San Diego, California 92117.

15.    Upon information and belief, the Defendant, Arthur Budman, is, or during the relevant time, a Director of the Company, and is a resident of the State of California, with a principal place of business located at 2620 Financial Court, Suite 100, San Diego, California 92117.

16.    Upon information and belief, the Defendant, Anthony Mauriello, is, or was during the relevant time, a Director of the Company, and is a resident of the State of California, with a principal place of business located at 2620 Financial Court, Suite 100, San Diego, California 92117.

17.    Upon information and belief, the Defendant, Tabitha Burke, is, or was during the relevant time, a Director of the Company, and is a resident of the State of California, with a principal place of business located at 2620 Financial Court, Suite 100, San Diego, California 92117.

### III. <u>JURISDICTION AND VENUE</u>

18.    The Plaintiff asserts that this Honorable Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, and under the Securities Act of 1933, *as amended*, 15 U.S.C. §§ 77a, *et seq.* (hereinafter the "Securities Act"), and under the Exchange Act, 15 U.S.C. §§ 78a, *et seq.*

19.    The Plaintiff contends that, pursuant to 28 U.S.C. § 1391(b), venue is proper in the Southern District of California in that, pursuant to the Transaction Documents (as each is defined below), the Plaintiff FirstFire and Defendant VEND agreed that any and all disputes between and/or among them shall be brought, *inter alia*, in the state or federal courts in the San Diego, California. Additionally, this Court is in such District where the Defendant VEND is headquartered and has its principal place of business, and is the residence, upon information and belief, of the Individual

Defendants.

20.    The Plaintiff states that This Court has personal jurisdiction, generally and specifically, over the Defendants by express terms of the Private Placement Memorandum, the Subscription Agreement (hereinafter the "Subscription"), and by the Convertible Promissory Note (hereinafter the "Note"),(collectively hereinafter the "Transaction Documents"), and as arising from the Company's principal place of business and the Individual Defendants' residence as located in San Diego, California

## IV.  FACTUAL BACKGROUND

**A.      Defendant's Misrepresentations and Omissions of Material Facts and Securities Fraud in Connection with Offer, Purchase and Sale of Securities**

21.    The Plaintiff asserts and alleges that the Defendants misrepresented, omitted and failed to provide material facts to FirstFire in connection with its securities investments and in connection with the offer, purchase and sale of securities, and especially with respect to intentional omission by the Defendants regarding significant outstanding debt obligations incurred by the Company immediately preceding the Fund's securities investments into the Company.

22.    In or about the spring of 2019, the Plaintiff and the Defendants communicated regarding a potential investment by FirstFire into VEND, in accordance with the Private Placement Memorandum, as prepared by the Company and as distributed to prospective investors, such as FirstFire.

23.    A true copy of the PPM is attached, restated and incorporated by reference hereto as **Exhibit A**.

24.    On page 4 of the PPM and in connection with the offer, purchase and sale of VEND securities, the Defendants made the representation to FirstFire that provided, in pertinent part, as follows:

> "BEFORE INVESTING, THE COMPANY: (1) WILL GRANT EACH PROSPECTIVE INVESTOR THE OPPORTUNITY TO

REVIEW ADDITIONAL DOCUMENTS AND TO ASK QUESTIONS OF, AND TO RECEIVE ANSWERS FROM, THE OFFICERS OF THE COMPANY CONCERNING THE COMPANY AND THE TERMS AND THE CONDITIONS OF THIS OFFERING OR ANY OTHER MATTER SET FORTH HEREIN; AND (2) SUPPLY ANY ADDITIONAL INFORMATION, TO THE EXTENT THE COMPANY POSSESSES SUCH INFORMATION OR CAN ACQUIRE IT WITHOUT UNREASONABLE EFFORT OR EXPENSE, NECESSARY TO VERIFY THE ACCURACY OF THE INFORMATION SET FORTH HEREIN."

*Id.* (**Exhibit A**), at p.4.

25.   The Plaintiff asserts that this representation by the Defendants in the Memorandum, made in connection with the offer, purchase and sale of VEND securities, was false and misleading, which the Fund relied upon, to its detriment.

26.   Indeed, in or about June 2019, the Plaintiff did, in fact, request "any additional information," including updated debt information, from the Defendants, who had a duty to tell the truth to the Plaintiff.  Unfortunately, the Defendants lied, provided false information and omitted material information and thereby misleading the Plaintiff, in direct contravention of the statements in the PPM, and which FirstFire relied upon, to its detriment.

27.   On page 14 of the PPM and in connection with the offer, purchase and sale of VEND securities, the Defendants made the further representation to FirstFire that provided, in pertinent part, as follows:

> "*Filing Status:*   The Company is currently filing periodic reports pursuant to the   Securities Exchange Act of 1934, as amended (the "**Exchange Act**") and will stay current with all financial filings as required under Rule 144, or rules and regulations of the Securities and Exchange Commission."

*Id.* (**Exhibit A**), at p.14 (original bold and italics; underlined emphasis added).

/ / /

/ / /

28.    The Plaintiff asserts that this representation of the Defendants in the Memorandum, made in connection with the offer, purchase and sale of VEND securities, was false and misleading, which the Fund relied upon, to its detriment.

29.    In direct violation to the Defendants' statements in the PPM, the Company has failed to stay current with its periodic filings with the U.S. Securities and Exchange Commission (hereinafter the "SEC" or the "Commission"), to the detriment of the Plaintiff.

30.    On page 19 of the PPM and in connection with the offer, purchase and sale of VEND securities, the Defendants made the further representation to FirstFire that provided, in pertinent part, as follows:

> "We do not know whether additional financing will be available when needed, or, if available, whether the terms of any financing will be favorable to us. The current worldwide financing environment is challenging, which could make it more difficult for us to raise funds on reasonable terms, or at all. To the extent we raise additional capital by issuing equity securities, our stockholders may experience substantial dilution and the new equity securities may have rights, preferences or privileges senior to those of our common stock."

*Id.* (**Exhibit A**), at p.19 (underlined emphasis added).

31.    The Plaintiff asserts that this representation of the Defendants in the Memorandum, made in connection with the offer, purchase and sale of VEND securities, was false and misleading, which the Fund relied upon, to its detriment.

32.    Unfortunately, the Defendants lied, provided false information and omitted material information and thereby misleading the Plaintiff, in direct contravention of the statements in the PPM, and which FirstFire relied upon, to its detriment.  In truth and in fact, on or about June 4, 2019, the Defendants entered into an undisclosed transaction with others that effectively diluted FirstFire, by a misleading omission in violation of the Defendants' duty to disclose material information.

33.   The Defendants' undisclosed transaction with others was made in direct violation of the statements in the PPM, upon which the Plaintiff relied, to its detriment.

34.   On page 20 of the PPM and in connection with the offer, purchase and sale of VEND securities, the Defendants made the further representation to FirstFire that provided, in pertinent part, as follows:

> "If for any reason the Offering is deemed not to qualify as exempt under Regulation D, and if no other exemption from registration or qualification is available, and the Offering is not registered or qualified with the applicable federal or state authorities, the offer and sale of Shares would be deemed to have been made in violation of the applicable laws requiring such registration or qualification. <u>As a remedy, in the event of such violation, each investor purchasing securities in the Offering would have the right to rescind his or her purchase of securities and to have his, her or its purchase price returned.</u>"

*Id.* (**Exhibit A**), at p. 19 (underlined emphasis added).

35.   The Plaintiff asserts that this representation of the Defendants in the Memorandum, made in connection with the offer, purchase and sale of VEND securities, was false and misleading, which the Fund relied upon, to its detriment.

36.   By its demand, FirstFire has sought, and continues to seek, rescission of the transaction with the Defendants, together with its damages, and an assessment of punitive damages, costs and attorney's fees.

37.   On page 22 of the PPM and in connection with the offer, purchase and sale of VEND securities, the Defendants made the further representation to FirstFire that provided, in pertinent part, as follows:

> "The notes issued to investors in this offering that purchase at least $250,000 in notes contain provisions that are more favorable to such investors, and other purchasers of notes will not receive the benefits of such provisions and may be harmed by such provisions. <u>The form of notes to be issued in this offering provide that for investors purchasing at least $250,000 in principal amount of notes, such investors will receive a "most favored nation" clause.</u>

> This clause provides that if the Company issues certain securities during the first seven months after issuance, which securities contain terms that are more favorable than the terms set forth in the notes, then the holder of such notes shall receive such new terms. If an investor in this offering does not purchase $250,000 in principal amount of notes, such investor will not receive the same benefit."

*Id.* (**Exhibit A**), at p. 22 (underlined emphasis added).

38.     The Plaintiff asserts that this representation of the Defendants in the Memorandum, made in connection with the offer, purchase and sale of VEND securities, was false and misleading, which the Fund relied upon, to its detriment. In violation to the PPM, FirstFire has not received "most favored nation" treatment by the Defendants, who committed fraud in connection with the offer, purchase and sale of securities to the Plaintiff.

39.     In Section 2(B) and on page B-2 of the Subscription Agreement and in connection with the offer, purchase and sale of VEND securities, the Defendants made the further representation to FirstFire that provided, in pertinent part, as follows:

> "Subscriber has such financial and business knowledge and experience that Subscriber is capable of evaluating the risks and merits of this investment, and Subscriber has had an opportunity to ask any questions and obtain any additional information desired concerning the Company."

*Id.* (**Exhibit A**), Subscription Agreement, § 2(B), at p. B-2 (underlined emphasis added).

40.     The Plaintiff asserts that this representation of the Defendants in the Subscription Agreement, made in connection with the offer, purchase and sale of VEND securities, was false and misleading, which the Fund relied upon, to its detriment.

41.     In or about June 2019, the Plaintiff did, in fact, utilize the "opportunity to ask any questions," and "obtain any additional information desired concerning the Company," including updated debt information, from the Defendants. Unfortunately,

on or about June 4, 2019 and thereafter, the Defendants lied, provided false information about its outstanding debts and omitted material information and thereby misleading the Plaintiff, in direct violation and in breach of the Subscription Agreement, to FirstFire's detriment.

42. Thus, in or about the spring of 2019 and in conjunction with its due diligence regarding the prospective investment with the Company, the Plaintiff requested that the Defendants provide information regarding the outstanding debts of VEND, and the Defendants delivered a document which purported to represent the complete debt obligations of VEND (hereinafter as the "Spring Debt Schedule").

43. A true copy of the Defendants' Spring Debt Schedule is attached, restated and incorporated by reference hereto as **Exhibit B**.

44. In or about the spring of 2019, the Company and the Individual Defendants represented that VEND had "Outstanding debt as of 3/31/2019" as follows:

"**Outstanding debt as of 3/31/2019:**

| | |
|---|---|
| Convertible secured debt, bearing interest at 10% per annum, payable quarterly. The convertible secured debt matures on December 31, 2018 and has conversion rights at $.16 per share. | 125,000 |
| $2,000,000 Robofusion note payable, bearing interest at 3.25% per annum. Principal and interest is due quarterly, over a 3 year period, net of discount of $62,139 and $99,426, respectively. | 1,079,592 |

| | |
|---|---|
| $360,000 Promissory Note, non interest bearing. Principal is due monthly, over an 1.5 year period, net of discount of $27,000 and $0 respectively | 333,000 |
| Related Party - Secured Promissory Notes, converible [sic] at $.16 per share. Bearing interest of 20% with an extended maurity [sic] date of June 30, 2019. | 296,779 |
| | **1,834,371"** |

Spring Debt Schedule (**Exhibit B**)(original bold).

45.     In or about the spring of 2019, the Company and the Individual Defendants represented that VEND had "Issued [debt] subsequent to 3/312019 thru [*sic*] 5/24/2019" as follows:

**"Issued subsequent to 3/31/2019 thru 5/25/2019:**

| | |
|---|---|
| Unsecured promissory note convertible at $.50 per share with 15% interest payable biannually and a maturity date of April 10, 2020. | 500,000 |
| Unsecured promissory notes convertible at $.50 per share with 15% interest payable biannually, payable at the end of a 24 month term ending on various dates in April and May 2021. | 1,150,000 |
| | **1,650,000"** |

*Id.* (**Exhibit B**)(original bold).

46.     In or about the spring of 2019, the Company and the Individual Defendants further represented that VEND had a "**Total**" of "**$3,484,371"** in debt, as a representation of the complete and total debt obligation of the Company.   *Id.*

(**Exhibit B**)(original bold).

47.    Based upon the information and documents provided by the Company and the Individual Defendants, the Fund targeted a date of June 6, 2019 to close on the securities investment transaction with the Company.

48.    In or about May and June 2019, the Fund contacted the Defendants as the due diligence process was concluded and to attend to final matters regarding the closing of the securities investment on or about June 6, 2019.  The Plaintiff requested that the Defendants provide updated information regarding, inter alia, the outstanding debts as incurred by the Company.

49.    In response to the Plaintiff's further due diligence, on or about June 4, 2019, the Defendants delivered a document, characterized as "6-D Company Debt," which purported to represent the complete debt obligations of the Company as of June 4, 2019. *See* Email Thread, dated June 2019, as attached, restated and incorporated by reference hereto as **Exhibit C**; *see also* 6-D Company Debt, as attached, restated and incorporated by reference hereto as **Exhibit D**.

50.    The Company's "6-D Company Debt", as delivered to the Plaintiff on June 4, 2019, is, and was, identical to "Spring Debt Schedule." *Compare* Spring Debt Schedule (**Exhibit B**) *and* 6-D Company Debt (**Exhibit D**).

51.    Thus, on or about <u>June 4, 2019</u>, the Company and the Individual Defendants represented to FirstFire that VEND had "Outstanding debt," as follows:

"**Outstanding debt as of 3/31/2019:**

| Convertible secured debt, bearing interest at 10% per annum, payable quarterly. The convertible secured debt matures on December 31, 2018 and has conversion rights at $.16 per share. | 125,000 |
| --- | --- |

| | |
|---|---|
| $2,000,000 Robofusion note payable, bearing interest at 3.25% per annum. Principal and interest is due quarterly, over a 3 year period, net of discount of $62,139 and $99,426, respectively. | 1,079,592 |
| $360,000 Promissory Note, non interest bearing. Principal is due monthly, over an 1.5 year period, net of discount of $27,000 and $0 respectively | 333,000 |
| Related Party - Secured Promissory Notes, converible [sic] at $.16 per share. Bearing interest of 20% with an extended maurity [sic] date of June 30, 2019. | 296,779 |
| | **1,834,371"** |

6-D Company Debt (**Exhibit D**)(original bold); *cf.* Spring Debt Schedule (**Exhibit B**)(original bold).

52.     Furthermore, on or about June 4, 2019, the Company and the Individual Defendants also represented that VEND had "Issued [debt]," as follows:

**"Issued subsequent to 3/31/2019 thru 5/25/2019:**

| | |
|---|---|
| Unsecured promissory note convertible at $.50 per share with 15% interest payable biannually and a maturity date of April 10, 2020. | 500,000 |
| Unsecured promissory notes convertible at $.50 per share with 15% interest payable biannually, payable at the end of a 24 month term ending on various dates in April and May 2021. | 1,150,000 |
| | **1,650,000"** |

6-D Company Debt (**Exhibit D**)(original bold); *cf.* Spring Debt Schedule (**Exhibit B**)(original bold).

53.    Moreover, on or about <u>June 4, 2019</u>, the Company and the Individual Defendants further represented that VEND had a "**Total**" of "**$3,484.371**" in debt, as a representation of the complete and total debt obligation of the Company.  6-D Company Debt (**Exhibit D**) (original bold); *cf.* Spring Debt Schedule (**Exhibit B**) (original bold).

54.    On or about June 4, 2019, the Defendants did not represent to the Plaintiff, in any manner whatsoever, and omitted material information to the Fund while under a duty to disclose material information that a reasonable investor would need in order to make an investment decision, that VEND had closed on, or was in the process of closing on, debt totaling $750,000.00 (hereinafter the "Undisclosed Note") on that same date.

55.    The Plaintiff thereafter discovered that the 6-D Company Debt and the June 4ᵗʰ representations of the Defendants, made in connection with the offer, purchase and sale of VEND securities, was false, fraudulent and misleading, which the Fund relied upon, to its detriment.

### B.    FirstFire Invests in VEND and the Transaction Documents

56.    On or about June 6, 2019, the Company executed, *inter alia*, a certain Subscription Agreement (hereinafter the "Subscription" or "Agreement") and a certain Convertible Promissory Note in the amount of $250,000.00 (hereinafter the "Convertible Note" or the "Note") and, with the Subscription Agreement and the Convertible Note, (collectively hereinafter the "Transaction Documents"), thereby entering into a contract with Plaintiff FirstFire for its investment in VEND.  *See* PPM (**Exhibit A**) and the Subscription Agreement, attached, restated and incorporated by reference thereto as **Exhibit A**, and Convertible Note, attached, restated and incorporated by reference thereto as **Exhibit B**.

57.    In detrimental reliance upon the information, representations and

1   statements from the Defendant, the Plaintiff invested hundreds of thousands of dollars
2   in the Company, which has, and has had, a fiduciary duty and a duty of the utmost
3   loyalty to the Plaintiff.

4       58.    Unfortunately, to its detriment, the Plaintiff learned that the Defendant
5   misrepresented and deceived the Fund, omitted material information while having a
6   duty of disclosure, regarding the Company, and perpetrated securities fraud in
7   connection with the offer, purchase and sale of securities, in violation of, *inter alia*,
8   Section 10(b) of the Securities Exchange Act of 1934, *as amended*, and Rule 10b-5,
9   as promulgated thereunder, and the California Securities Law, Corporations Code §§
10  25110, 25500 and 25401.

11      59.    On or about October 16, 2019, the Fund reviewed the Company's Form
12  10-K, as filed with the U.S. Securities and Exchange Commission (hereinafter
13  "SEC"), which provided as follows:

14          **"Convertible unsecured redeemable note**

15          On June 4, 2019, the Company issued a $750,000 convertible
16          redeemable promissory note (the "Note") in exchange for cash
            proceeds of $735,000 as $15,000 was deducted by the Note holder
17          for legal fees. The Note matures on June 4, 2020 and bears interest
18          at a rate of 6% annum, payable paid annually. The note has
            conversion rights at $0.70 per share if converted within the first
19          180 days of issuance, after which the holder has the right to convert
20          the Note at 65% of the lowest closing bid price of the common
            stock for fifteen prior trading days including the day upon which
21          the notice of conversion is received by the Company. The
22          Company determined that the conversion right is a derivative in
            accordance with ASC 815, Derivatives and Hedges, and at the time
23          of issuance a debt discount of $695,989 was recorded and will be
24          amortized on a straight-line basis over the life of the note to
            accretion of discount on notes payable in the accompanying
25          statement of operations."

26

27  *See* Certain Pages of VEND Form 10-K, as filed on October 16, 2019, as attached,
28  restated and incorporated by reference hereto as **Exhibit E**.

60.     Notwithstanding the materiality of the Undisclosed Note and its various material terms, including but not limited to its conversion features, the Company failed to disclose the existence of the Undisclosed Note to FirstFire prior to executing the Transaction Documents and/or prior to the closing of the FirstFire investment transaction on June 6th, 2019.

61.     The Defendants misrepresented and deceived the Fund, omitted material information while having a duty of disclosure, regarding the Company, and perpetrated securities fraud in connection with the offer, purchase and sale of securities, in violation of, *inter alia*, Section 10(b) of the Securities Exchange Act of 1934, *as amended*, and Rule 10b-5, as promulgated thereunder, and the California Securities Law, Corporations Code §§ 25110, 25500 and 25401, by failing to identify the Undisclosed Note in the PPM, and by failing to amend the same prior to June 6, 2019.

62.     On or about October 24, 2019, the Fund delivered correspondence (hereinafter the "Demand Letter") to the Defendants informing the Company that the failure to disclose the existence of the Undisclosed Note and the various variable conversion features to FirstFire was a material omission and demanded that the Company pay the Fund $255,000.00 on or before October 28, 2019, to extinguish the Note and avoid further escalation. *See* Demand Letter from Anthony L.G., PLLC, dated October 24, 2019, as attached, restated and incorporated by reference herein as **Exhibit F.**

63.     On or before December 6, 2019, the Company was obligated to make a semi-annual interest payment to the Plaintiff.

64.     As of the date hereof, the Defendants have failed make any such semi-annual interest payment – or any payment whatsoever – to the Plaintiff, and the Company is in default under the Note and in accordance with the terms and conditions of the Subscription Agreement, Note and Transaction Documents.

65.     As of the date hereof, the Defendants have failed to respond to the

1   Demand Letter and have failed to repay the Fund any sum or the damages which it

2   has suffered as a result of the securities fraud, fraud and deceit, and unfair and

3   deceptive trade practices perpetrated by the Defendants.

4        66.   The Defendants have committed securities fraud, and have made material

5   misrepresentations and omitted material information while having a duty to disclose

6   the same to the Plaintiff, prior to and in connection with the offer, purchase and sale

7   of securities with FirstFire, and in connection with the Transaction Documents by

8   which the Plaintiff invested hundreds of thousands of dollars in the Company.

9        67.   As a direct and proximate cause of the violations of the federal and state

10  securities laws of the Defendants, Plaintiff FirstFire has suffered irreparable harm, and

11  general, special, and consequential damages, including, but not limited to, loss of

12  profits, interest, and other damages, injuries, and losses, to its detriment, and resulted

13  in the unjust enrichment of the Defendants.

14  **V. <u>VIOLATIONS OF LAW</u>**

15  **<u>COUNT I - VIOLATIONS OF FEDERAL SECURITIES LAWS</u>**

16  **<u>(as to All Defendants)</u>**

17       68.   The Plaintiff reasserts Paragraphs 1 through 67 of the Complaint,

18  together with **<u>Exhibits</u>**, and restates and incorporates them herein by reference.

19       69.   The Defendants violated the Securities Act, 15 U.S.C §77a, *et seq.,* in

20  addition to Section 10(b) of the Exchange Act, 15 U.S.C. §78j(b) and Rule 10b-5

21  promulgated thereunder, 17 C.F.R. §240.10b-5, in that, as described herein, and in

22  connection with the purchase, offer and sale of securities, they knowingly, recklessly

23  and intentionally:

24            a)   employed manipulative and deceptive devices and contrivances;

25            b)   employed devices, schemes and artifices to defraud;

26            c)   made untrue statements of material fact and omitted to state

27                material facts necessary in order to make statements made, in light

28                of the circumstances under which they were made, not misleading;

1          and

2          d)       engaged in acts, practices and a course of business which operated

3                   as a fraud or deceit upon the Plaintiff.

4    70.    As a direct and proximate cause of the violations of the federal securities

5    laws by the Defendants, Plaintiff FirstFire has suffered, and continues to suffer,

6    irreparable harm, and general, special, and consequential damages, including, but not

7    limited to, loss of profits, interest, and other damages, injuries, and losses, to its

8    detriment, and resulted in the unjust enrichment of the Defendants.

## COUNT II - VIOLATIONS OF CALIFORNIA

## SECURITIES LAW OF 1968, CORPORATIONS CODE §§ 25110, 25500 &

## 25401

### (as to All Defendants)

13   71.    The Plaintiff reasserts Paragraphs 1 through 70 of the Amended

14   Complaint, together with **Exhibits**, and restates and incorporates them herein by

15   reference.

16   72.    The Defendant violated the California Corporations Code §§§ 25110,

17   25500 and 25401, in that, as described herein, it offered and sold securities by means

18   of untrue statements of material fact.

19   73.    The Defendant recklessly and intentionally misrepresented material

20   information and omitted disclosure of material information to the Plaintiff in

21   connection with the offer, purchase and sale of securities in the State of California.

22   74.    As a direct and proximate cause of the violations of the California state

23   securities laws by the Defendants, Plaintiff FirstFire has suffered, and continues to

24   suffer, irreparable harm, and general, special, and consequential damages, including,

25   but not limited to, loss of profits, interest, and other damages, injuries, and losses, to

26   its detriment, and resulted in the unjust enrichment of the Defendants.

27   / / /

28   / / /

{00344025 }

COMPLAINT

## COUNT III – BREACHES OF CONTRACT
### (as to Defendant VEND)

75.     The Plaintiff reasserts Paragraphs 1 through 74 of the Complaint, together with **Exhibits**, and restates and incorporates them herein by reference.

76.     Pursuant to the Subscription Agreement, the Convertible Note and the Transaction Documents, the Fund invested in the Company and sought to become a shareholder, in good faith, to join the Company in the accomplishment of its business goals and in accordance with the standards of the business and the securities industry.

77.     The Fund alleges that the Company is liable for a breach of contract and for a breach of an implied covenant of good faith and fair dealing. A breach of contract is failure without excuse to perform a duty which is due under the contract. Additionally, the interpretation of a contract is a question of law, not fact. If the wording is not ambiguous, then the contract must be enforced according to its plain terms.

78.     The Plaintiff performed its obligations under the Transaction Documents, and in good faith.

79.     The Defendant, by its conduct described herein, violated the Transaction Documents, breaching its contracts with the Plaintiff.

80.     As a direct and proximate cause of the Defendant's breaches of its contract, the Plaintiff has suffered, and continues to suffer, irreparable harm, and general, special, and consequential damages, including, but not limited to, loss of profits, interest, and other damages, injuries, and losses, to its detriment.

## COUNT IV – BREACHES OF IMPLIED
## COVENANT OF GOOD FAITH-FAIR DEALING
### (as to Defendant VEND)

81.     The Plaintiff reasserts Paragraphs 1 through 80 of the Complaint, together with **Exhibits**, and restates and incorporates them herein by reference.

82.     It is well established in that every contract carries an implied covenant of

good faith and fair dealing whereby the parties treat each other fairly and act in good faith and no party to the contract shall take any action to harm another party's rights under the contract. The duty imposed by this "implied covenant of good faith and fair dealing" pertains to bad faith in the performance of a contract, not just in its execution or negotiation. Implicit in every contract is the requirement on faithfulness to an agreed upon common purpose and consistency with the justified expectations of the other party.

83.     A breach of contract is the failure to perform for which legal excuse is lacking. As a matter of law, a contract existed, which the Company breached and failed to comply with the covenant of good faith and fair dealing. The law is clear - the Fund had binding contracts and the Company has no legal basis, as a matter of law, to avoid its obligations under the Transaction Documents, including but not limited to damages which arose, and which might arise, as a result from the breach of such Transaction Documents.

84.     The Defendant had a duty of good faith and fair dealing in its dealings with the Plaintiff and pursuant to the promises, contracts, and statements made to the Plaintiff to induce it to enter into the contracts and provide assets to the Defendant in exchange for its promise to honor its obligation under the same.

85.     Under the covenant, the Defendant was obligated to a good faith performance of its obligations under the Transaction Documents with FirstFire, and to be faithful and consistent to the justified expectations of the Plaintiff.

86.     As described above, the Defendant breached the implied covenant of good faith and fair dealing with the Plaintiff.

87.     As a direct and proximate cause of the Defendant's breaches of the implied covenant of good faith and fair dealing, the Plaintiff has suffered, and continues to suffer, irreparable harm, and general, special, and consequential damages, including, but not limited to, loss of profits, interest, and other damages, injuries, and losses, to its detriment.

## COUNT V – UNJUST ENRICHMENT

### (as to All Defendants)

88.     The Plaintiff reasserts Paragraphs 1 through 87 of the Complaint, together with the **Exhibits**, and restates and incorporates them herein by reference.

89.     The Defendants illegally received assets and benefits from the Plaintiff, as arising from their false and fraudulent statements and misrepresentations, and without providing equivalent value therefor.

90.     The Defendants' actions, courses of conduct, and omissions were wantonly, intentionally, and maliciously conducted against the Plaintiff, to its detriment.

91.     The Defendants have been unjustly enriched by its actions, as described herein.

92.     As a direct and proximate cause of the Defendants' unjust enrichment, the Plaintiff has suffered, and continues to suffer, irreparable harm, and general, special, and consequential damages, including, but not limited to, loss of profits, interest, and other damages, injuries, and losses, to its detriment.

## COUNT VI – BREACH OF FIDUCIARY DUTY

### (as to All Defendants)

93.     The Plaintiff reasserts Paragraphs 1 through 92 of the Complaint, together with the **Exhibits**, and restates and incorporates them herein by reference.

94.     A fiduciary relationship existed between the Plaintiff and the Defendants, requiring them to act with a duty of the utmost loyalty and trust on behalf of the Plaintiff.  As fiduciaries, the Defendants were required to maintain and protect the welfare of the Plaintiff.

95.     By engaging in the conduct described herein, the Defendants breached their respective fiduciary duties to the Plaintiff.

96.     As a direct and proximate cause of the Defendants' breach of fiduciary duty, the Plaintiff has suffered, and continues to suffer, irreparable harm, and general,

special, and consequential damages, including, but not limited to, loss of profits, interest, and other damages, injuries, and losses, to its detriment.

## COUNT VII – FRAUD AND DECEIT
## (AS TO ALL DEFENDANTS)

97.   The Plaintiff reasserts Paragraphs 1 through 96 of the Complaint, together with the **Exhibits**, and restates and incorporates them herein by reference.

98.   The actions of the Defendants described herein constitute fraud and deceit, including but not limited to the following:

  a)   the Defendants made false representations of material facts, and/or omitted material facts with a duty of disclosure, knowing or having reason to know of their falsity;

  b)   the Defendants made said misrepresentations and omissions for the purpose of inducing reliance from the Plaintiff; and

  c)   the Plaintiff did rely upon said misrepresentations and omissions, to its detriment.

99.   As a direct and proximate cause of the Defendants' fraud and deceit, the Plaintiff has suffered, and continues to suffer, irreparable harm, and general, special, and consequential damages, including, but not limited to, loss of profits, interest, and other damages, injuries, and losses, to its detriment.

## COUNT VIII - NEGLIGENT MISREPRESENTATION
## (as to All Defendants)

100.   The Plaintiff reasserts Paragraphs 1 through 99 of the Complaint, together with **Exhibits**, and restates and incorporates them herein by reference.

101.   The conduct of the Defendants as described herein constitutes negligent misrepresentation because the Defendants negligently provided the Plaintiff with erroneous and misleading information, and negligently omitted material information with a duty to disclose, to the Plaintiff's detriment.

1      102.  As a direct and proximate cause of the Defendants' negligent

2  misrepresentations, the Plaintiff has suffered, and continues to suffer, irreparable

3  harm, and general, special, and consequential damages, including, but not limited to,

4  loss of profits, interest, and other damages, injuries, and losses, to its detriment.

5  **COUNT IX - VIOLATIONS OF CALIFORNIA**

6  **BUSINESS AND PROFESSIONS CODE § 17200**

7  **(as to All Defendants)**

8      103.  The Plaintiff reasserts Paragraphs 1 through 102 of the Complaint,

9  together with the **Exhibits**, and restates and incorporates them herein by reference.

10      104.  At all relevant times herein, the Defendants conducted a trade or

11  business, as defined by the California Business and Professions Code § 17200, within

12  the Southern District of California.

13      105.  The conduct of the Defendants as described herein, constitutes unfair and

14  deceptive trade practices, and unfair competition, under the California Business and

15  Professions Code § 17200, including but not limited to claims that the Defendants:

16          a)  executed the Transaction Documents with full knowledge and

17              understanding of the Defendant's obligations to the Plaintiff;

18          b)  fraudulently induced the Plaintiff to invest in the Company and

19              thereby breached its promises to the Plaintiff;

20          c)  fraudulently concealed from the Plaintiff the full and complete

21              financial and operational details and prospects of the Company in

22              inducing the Plaintiff to make its investment in the Company;

23          d)  fraudulently delivered the 6-D Company Debt on June 4th, which

24              falsely represented the outstanding debt incurred by the Company;

25          e)  fraudulently failed to update the PPM, or amend the same, relating

26              to the June 4th transaction, and/or delivered an updated, amended

27              PPM to the Plaintiff;

28          f)  knowingly and intentionally concealed these activities from the

Plaintiff, to its detriment; and/or

g)   violated the requirements, terms and conditions of existing statutes, rules and regulations meant for the protection of the public's health, safety or welfare.

106.   As a direct and proximate cause of the Defendants' violations of the California Business and Professions Code § 17200, the Plaintiff has suffered, and continues to suffer, irreparable harm, and general, special, and consequential damages, including, but not limited to, loss of profits, interest, and other damages, injuries, and losses, to its detriment.

## VI.  <u>REQUESTS FOR RELIEF</u>

WHEREFORE, the Plaintiff, FirstFire Global Opportunities Fund, LLC, respectfully request that this Honorable Court grant it the following relief:

A)   Order, grant and enter temporary, preliminary and permanent injunctive and equitable relief, and specific performance, and finding that the Plaintiff has suffered irreparable harm, has a likelihood of success on the merits, that the balance of hardships favors the Plaintiff and that it is in the public interest to grant such temporary, preliminary and permanent injunctive and equitable relief, and specific performance for the benefit of the Plaintiff, as set forth herein;

B)   Determine that the Defendants are liable for all damages, losses, and costs, as alleged herein;

C)   Determine and award the Plaintiff, FirstFire Global Opportunities Fund, LLC, the actual losses sustained by it as a result of the violations of law by the Defendants, as set forth herein;

D)   Render a judgment and decision on behalf of the Plaintiff, FirstFire Global Opportunities Fund, LLC, on all Counts of the Complaint, and issue findings of fact and rulings of law, as necessary and appropriate,

1     that the Defendants are liable, in all respects;

2  E)  Order, decide, adjudge, and determine that the liability of the Defendants,

3     are for all losses, injuries, and damages, special, consequential, general,

4     punitive, and/or otherwise, and for all interest and costs, as alleged

5     herein;

6  F)  Award the Plaintiff, FirstFire Global Opportunities Fund, LLC, its costs,

7     including, but not limited to, filing fees, costs, expenses and interest, for

8     being required to prosecute this action;

9  G)  Award the Plaintiff, FirstFire Global Opportunities Fund, LLC, its actual

10    attorneys' fees, for being required to prosecute this action;

11 H)  Award the Plaintiff, FirstFire Global Opportunities Fund, LLC, multiple,

12    double, treble, and/or punitive damages in an amount to be determined;

13 I)  Enter judgment on behalf of the Plaintiff, FirstFire Global Opportunities

14    Fund, LLC, on the Complaint;

15 J)  Order declaratory relief, as appropriate and as this Honorable Court

16    deems necessary; and/or

17 K)  Any additional relief, which this Honorable Court deems just and proper.

18

19 / / /

20 / / /

21 / / /

22 / / /

23 / / /

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

{00344025 }

COMPLAINT

**THE PLAINTIFF, FIRSTFIRE GLOBAL OPPORTUNITIES FUND, LLC,**

<u>**DEMANDS A TRIAL BY JURY ON ALL COUNTS SO TRIABLE**</u>

Respectfully Submitted,

Dated: December 30, 2019          HENNELLY & GROSSFELD LLP

By: _ s/ Thomas H. Case_____
Thomas H. Case, Esq.
Michael G. King, Esq.

Attorneys for Plaintiff
FirstFire Global Opportunities Fund, LLC
Email: tcase@hgla.com
Email: mking@hgla.com

OF COUNSEL:

By: _ s/ Philip M. Giordano_____
Philip M. Giordano, Esq.
  (*pro hac vice* pending)
Sophia E. Kyziridis, Esq.
  (*pro hac vice* pending)
Giordano & Company, P.C.
REED & GIORDANO, P.A.
47 Winter Street, Suite 800
Boston, Massachusetts 02108-4774
Telephone: (617) 723-7755
Facsimile: (617) 723-7756

Attorneys for Plaintiff
FirstFire Global Opportunities Fund, LLC
Email: pgiordano@reedgiordano.com
Email: skyziridis@reedgiordano.com

{00344025 }

30

COMPLAINT