UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIRSTFIRE GLOBAL OPPORTUNITIES FUND, LLC,<br><br>                              Plaintiff,<br><br>v.<br><br>GENERATION NEXT FRANCHISE BRANDS, INC., et al.,<br><br>                              Defendants. | Case No.: 19cv2496-LAB(RBB)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR JURISDICTIONAL DISCOVERY AS TO DEFENDANT LAVAILLE LAVETTE [ECF NO. 43]** |

On June 5, 2020, Plaintiff FirstFire Global Opportunities Fund, LLC filed a motion for jurisdictional discovery or, in the alternative, for an evidentiary hearing as to Defendant Lavaille Lavette's motion to dismiss for lack of personal jurisdiction under Rule 12(b) [ECF No. 43]. Defendant Lavette filed an opposition on June 24, 2020 [ECF No. 52]. At the Court's request, FirstFire filed a reply on July 8, 2020 [ECF No. 57]. For the reasons discussed below, Plaintiff's motion is **GRANTED**.

## I.   BACKGROUND

Plaintiff alleges that Defendant Generation Next Franchise Brands, Inc. ("Next"), a Nevada corporation with its principal place of business in San Diego, California, and eight of its officers and directors committed securities fraud by misrepresenting and

omitting material facts in connection with FirstFire's $250,000 investment in Next securities in June 2019.  (Compl. 3-8, 18, ECF No. 1.)  Plaintiff claims that Defendant Lavette was an independent director of Next during the relevant time period.  (Id. at 6-7.)  Lavette, proceeding in pro se, has filed a motion to dismiss for lack of personal jurisdiction.  (Mot. Dismiss Attach. #1 Mem. Supp. 1-3, ECF No. 6.)  She contends that she is not a resident of California as alleged in the Complaint but rather is a resident of Texas.  (Id. at 1.)  She also argues that the "fiduciary shield doctrine" provides that nonresident individuals should not be subject to jurisdiction if their conduct in the forum state was solely in a corporate or employment capacity.  (Id. at 2.)  After Lavette filed her motion to dismiss, FirstFire filed the current motion seeking limited discovery regarding the extent of Lavette's contacts with California [ECF No. 43].

## II.   LEGAL STANDARDS

"For a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'"  Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 801 (9th Cir. 2004) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).  A court may allow discovery to aid in determining whether personal jurisdiction exists.  Wells Fargo & Co. v. Wells Fargo Exp. Co., 556 F.2d 406, 430 n.24 (9th Cir. 1977).  Discovery "should be granted where pertinent facts bearing on the question of jurisdiction are controverted . . . or where a more satisfactory showing of the facts is necessary."  Id. (citation omitted); see also Am. West Airlines, Inc. v. GPA Grp., Ltd., 877 F.2d 793, 801 (9th Cir. 1989).  The plaintiff must make at least a colorable showing that personal jurisdiction exists in order to conduct jurisdictional discovery.  NobuNau, Inc. v. NB Labs, Ltd., No. 10cv2631-LAB (BGS), 2011 WL 5237566, at *3 (S.D. Cal. Oct. 31, 2011) (citing Mitan v. Feeney, 497 F. Supp. 2d 1113, 1119 (C.D. Cal. 2007)).  "This 'colorable' showing should be understood as something less than a prima facie showing, and could be equated as requiring the plaintiff to come forward with 'some evidence' tending to establish

personal jurisdiction over the defendant." <u>Mitan</u>, 497 F. Supp. at 1119 (citations omitted). Discovery should be denied where "it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction." <u>Wells Fargo</u>, 556 F.2d at 430 n.26.

### III. DISCUSSION

FirstFire seeks jurisdictional discovery from Lavette on the bases that she agreed to be subject to personal jurisdiction in this forum pursuant to an offer letter provided to her by Next, (<u>see</u> Pl.'s Mot. Attach. #1 Mem. P. & A. 4-5, 7 & Attach. #2 Ex. 1 [offer letter], at 2-6, ECF No. 43), and as a director of Next, Lavette's activities were regularly directed to San Diego and she would have traveled to San Diego to attend board meetings and other discussions pertaining to company business, (<u>see</u> <u>id.</u> Attach. #1 Mem. P. & A. 7-8). In her response to Plaintiff's motion, Lavette explains that she was paid $10,000 by Next for services rendered between August 2018 and February 2019, before FirstFire's transaction with Next, but was an unpaid independent board member from March through December 2019. (Def.'s Reply 9 & Ex. A [declaration], at 11, ECF No. 52.) She contends that she had no knowledge of FirstFire's existence or of the interactions between FirstFire and Next, and her board seat did not give her day-to-day oversight of Next's dealings. (<u>Id.</u> at 2, 3, 8.) She asserts that she did not travel to San Diego for board meetings and never met with other members of the board in person for board meetings. (<u>Id.</u> at 3, 4.) FirstFire argues in response that whether Lavette personally traveled to San Diego for board business is not dispositive of the jurisdictional issues and that in order to fulfill her role as a director, she "would have directed her activities to San Diego, California in connection with meetings or other communications pertaining to [c]ompany business[.]" (Pl.'s Reply Mem. 4-5, ECF No. 57.)

The record before the Court demonstrates that the "pertinent facts bearing on the question of jurisdiction are controverted." <u>Wells Fargo</u>, 556 F.2d at 430 n.24. Plaintiff has provided "some evidence," in the form of the offer letter provided by Next to Lavette, tending to establish that personal jurisdiction exists over Lavette and thus has made the

colorable showing required to conduct jurisdictional discovery.  See Mitan, 497 F. Supp. at 1119.  Lavette's "fiduciary shield doctrine" argument does not protect her from jurisdictional discovery.  Under this doctrine, "a person's mere association with a corporation that causes injury in the forum state is not sufficient in itself to permit that forum to assert jurisdiction over the person."  Davis v. Metro Prods., Inc., 885 F.2d 515, 520 (9th Cir. 1989).  A defendant's status as an employee or officer of a company, however, "does not shield them from liability for intentionally tortious acts."  Roberts v. Obelisk, Case No. 18cv2898-LAB (BGS), 2019 WL 1902605, at *3 (S.D. Cal. Apr. 29, 2019) (citing Calder v. Jones, 465 U.S. 783, 790 (1984)).  FirstFire is entitled to conduct discovery to assess Lavette's contacts with California and determine whether she engaged in any intentional conduct that may give rise to the Court's exercise of personal jurisdiction over her.

　　　　Plaintiff seeks Lavette's deposition, to be taken by Zoom or some other videoconference method, thirteen requests for documents, and seven requests for admission.  (Pl.'s Reply Mem. Attach. #1 Ex. A [proposed discovery], at 2-33, ECF No. 57.)  The Court permits FirstFire to serve this discovery.  Lavette must be provided twenty-one (21) days from the date of service to respond to FirstFire's request for documents and requests for admission.  Lavette's deposition must be completed within two hours and is limited to issues relating to the exercise of personal jurisdiction by the Court.  No other parties, including the other defendants, are permitted to obtain discovery from, or question, the deponent at this time.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## IV. CONCLUSION

For the reasons discussed above, Plaintiff's motion for jurisdictional discovery as to Defendant Lavette is **GRANTED**. The motion hearing scheduled for July 22, 2020, is vacated.

**IT IS SO ORDERED**.

Dated: July 10, 2020

Hon. Ruben B. Brooks
United States Magistrate Judge