UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIRSTFIRE GLOBAL OPPORTUNITIES FUND, LLC,<br><br>                              Plaintiff,<br><br>v.<br><br>GENERATION NEXT FRANCHISE BRANDS, INC.; NICHOLAS YATES; RYAN POLK; CHRISTOPHER MAUDLIN; LAVAILLE LAVETTE; THOMAS MCCHESNEY; ARTHUR BUDMAN; ANTHONY MAURIELLO; and TABITHA BURKE,<br><br>                              Defendants. | Case No.:  19cv2496-JO-RBB<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL AND GRANTING IN PART AND DENYING IN PART MOTION FOR EXTENSION** |

Reed & Giordano, P.A., Giordano & Company, P.C., Philip M. Giordano, Esq., Thomas A. Bockhorst, Esq., Hennelly & Grossfeld, LLP, Michael G. King, Esq., Thomas Case, Esq., Mackaness & Ideta, LLP, and Jessica Lynn Mackaness, Esq. (collectively, "Plaintiff's Representatives") have filed a motion to withdraw as counsel for Plaintiff FirstFire Global Opportunities Fund, LLC ("Plaintiff" or "FirstFire") in the above captioned action.  Dkt. 97.  In connection with the motion to withdraw, Plaintiff's Representatives have also filed a motion for an extension of time to file amended pleadings.

Dkt. 98. The motions are unopposed by Plaintiff. For the reasons discussed below, the motion to withdraw is GRANTED and the motion for an extension of time is GRANTED IN PART AND DENIED IN PART.

## I.  DISCUSSION

On February 16, 2022, the Court granted in part Defendants' motions to dismiss Plaintiff's First Amended Complaint without prejudice and gave leave to amend by April 4, 2022. Dkt. 95. On April 3, 2022, Plaintiff's Representatives filed the instant motions to withdraw as counsel and to extend the deadline to amend the complaint by ninety days until July 5, 2022, in order for Plaintiff to find successor counsel. Dkts. 97, 98.

"An attorney may not withdraw as counsel except by leave of court, and the decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court." *Beard v. Shuttermart of Cal., Inc.*, 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008) (internal alterations omitted). To evaluate a motion to withdraw as counsel, courts consider "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Leatt Corp. v. Innovative Safety Tech., LLC*, 2010 WL 444708, at *1 (S.D. Cal. Feb. 2, 2010).

The California Rules of Professional Conduct provide that an attorney may withdraw from representation if "the client breaches a material term of an agreement with, or obligation, to the lawyer relating to the representation, and the lawyer has given the client a reasonable warning after the breach that the lawyer will withdraw unless the client fulfills the agreement or performs the obligation." Cal. R. Prof. Conduct 1.16(b)(5). Counsel must take "reasonable steps to avoid reasonably foreseeable prejudice to the rights of the

client, such as giving the client sufficient notice to permit the client to retain other counsel." Cal. R. Prof. Conduct 1.16(d).[1]

The Court concludes that Plaintiff's Representatives have satisfied the factors for withdrawal. First, Plaintiff's Representatives have provided a ground for withdrawal consistent with the California Rules of Professional Conduct. *See* Cal. R. Prof. Conduct 1.16. Their declarations establish that FirstFire breached material terms contained in its agreement with counsel and that counsel communicated numerous warnings about their potential withdrawal based on the breach. Giordano Decl. ¶¶ 11, 12. According to Plaintiff's Representatives, they warned of this breach and possible withdrawal on nine separate occasions: May 12, 2021, June 8, 2021, July 6, 2021, August 18, 2021, December 31, 2021, January 24, 2022, February 1, 2022, February 14, 2022, and March 4, 2022. Further, in accordance with Civil Local Rule 83.3(f)(3), the motion to withdraw includes a declaration that it was served on FirstFire and opposing counsel. Dkt. 97-2 at 5. Second, withdrawal would not prejudice the other litigants, harm the administration of justice, or delay the resolution of the case, as the case is still in the early pleading stages. The Court, therefore, finds it is appropriate for Plaintiff's Representatives to withdraw as counsel.

The Court gives Plaintiff forty-five (45) days from the date of this Order to find new counsel and file an amended complaint. Corporations, partnerships, and other legal entities may not appear in court without counsel. S.D. Cal. Civ. L.R. 83.3(j); *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973–74 (9th Cir. 2004). However, a court may grant leave to withdraw as counsel for a corporate client if it provides reasonable time for the company to retain new counsel. *See, e.g., Langer v. YM Holdings, LLC*, 2019 WL 2472623, at *2 (S.D. Cal. June 13, 2019) (granting motion to withdraw as counsel for a corporate defendant, ordering defendant to obtain new counsel within forty-five days); *see*

---

[1] Pursuant to the Local Rules, a motion to withdraw must (1) be served on the adverse party and moving attorney's client and (2) include a declaration regarding service of the motion on those parties. S.D. Cal. Civ. L.R. 83.3(f)(3).

*also United States v. High Country Broad Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (affirming a default judgment against a corporate defendant that failed to comply with the court's order requiring it to retain new counsel).  The Court DENIES the request for a ninety-day extension to file an amended complaint because Plaintiff was on notice that withdrawal was a possibility even before the Court issued its original order granting leave to amend within forty-five days.  FirstFire's new counsel must file a notice of appearance and the amended complaint within forty-five (45) days from the date of this Order or face dismissal of its case.

Accordingly, the motion for withdrawal of counsel is GRANTED and the motion for an extension is DENIED IN PART AND GRANTED IN PART.

**IT IS SO ORDERED**.

Dated:  April 11, 2022

Honorable Jinsook Ohta
United States District Judge