UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIRSTFIRE GLOBAL OPPORTUNITIES FUND, LLC,<br><br>Plaintiff,<br><br>v.<br><br>NICHOLAS YATES, RYAN POLK, et al.,<br><br>Defendants. | Case No.: 19cv2496-JO-RBB<br><br>**ORDER DISMISSING CASE WITH PREJUDICE FOR FAILURE TO PROSECUTE** |

On June 10, 2022, Defendant Ryan Polk filed a motion to dismiss Plaintiff's complaint for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b). For the following reasons, the Court grants the unopposed motion [Dkt. 100] and dismisses the case with prejudice.

**A. Procedural History**

On February 16, 2022, the Court held a hearing on two pending motions to dismiss and granted Plaintiff forty-five days to file its amended complaint. Dkt. 95. Shortly before Plaintiff's forty-five-day amendment period expired, counsel for Plaintiff filed a motion to withdraw as counsel and requested an extension of time for Plaintiff to amend its complaint. Dkts. 97, 98. On April 11, 2022, the Court granted counsel's motion to

1

withdraw and granted Plaintiff forty-five days to retain new counsel and to file any amended complaint or face dismissal of its case. Dkt. 99. Since the April 11 order, Plaintiff has neither complied with the Court's order to file its amended complaint nor requested an extension of time to do so. Plaintiff has also failed to oppose this motion to dismiss for failure to prosecute.

### B. Legal Standards

Federal Rule of Civil Procedure 41(b) governs involuntary dismissal. "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Before dismissing under Rule 41(b), a district court must weigh five "essential factors": "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423–24 (9th Cir. 1986). "A dismissal for lack of prosecution must be supported by a showing of unreasonable delay," which "creates a presumption of injury to the defense." *Id*. at 1423 (citations omitted).

### C. Discussion

The Court examines the five "essential factors" set forth in *Henderson* and finds that they weigh in favor of granting involuntary dismissal in this case. Plaintiff has unreasonably delayed the filing of an amended complaint after the First Amended Complaint was dismissed on February 16, 2022. Despite being granted forty-five days after the initial dismissal for the amendment and then another forty-five-day extension, Plaintiff failed to meet the Court's deadlines. To this day, more than six months after the Court's original order to amend the complaint, Plaintiff still has not complied with the Court's order nor requested an extension of time to do so. Based on these facts, the Court finds that the public's interest in speedy litigation and the Court's need to manage its docket weigh in favor of dismissal. The Court also finds that prejudice to Defendants can be presumed from the length of this delay. Moreover, by not requesting an extension or even

opposing this motion to dismiss, Plaintiffs have requested no alternative sanction nor demonstrated a desire to prosecute this case. The Court, therefore, finds that dismissal is the appropriate sanction in this case.

The Court grants Polk's motion to dismiss for lack of prosecution [Dkt. 100] and orders that the case is dismissed with prejudice under Federal Rule of Civil Procedure 41(b). The Clerk is instructed to enter a separate Clerk's judgment in favor of Defendants.

IT IS SO ORDERED.

DATED:  August 24, 2022

Honorable Jinsook Ohta
United States District Judge